[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12571
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00934-PGB-GJK

ROBERT MONI,

Plaintiff-Appellant,

versus

VOLUSIA COUNTY, CORP.,
BEN F. JOHNSON,
Sheriff,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 5, 2018)

Before JULIE CARNES, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Robert Moni, proceeding *pro se*, appeals the order granting the dismissal with prejudice of his action for violations of the Fourteenth Amendment, 18 U.S.C. § 1346, 21 U.S.C. § 848, 18 U.S.C. § 1961, 18 U.S.C. § 242, and for intentional infliction of emotional distress ("IIED").  On appeal, Moni argues that the district court erred in concluding that his amended complaint failed to state a sufficient factual basis to sustain the various causes of action contained in the complaint.

We review a district court's dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) *de novo*.  *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1037 (11th Cir. 2008).  To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, (2007).  A complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Whether a claim 'arises under' federal law 'is governed by the "well-pleaded

2

complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A plaintiff must show that he has been treated differently on account of some form of invidious discrimination tied to a constitutionally protected interest. *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1319 (11th Cir. 2006).

We conclude that the district court did not err in dismissing Moni's amended complaint with prejudice for failure to state a claim for which relief can be granted. As to Moni's claims under 18 U.S.C. § 1346, 21 U.S.C. § 848, and 18 U.S.C. § 242, none of these statutes provide a private right of action, and so he fails to state a claim for which relief can be granted. Moreover, we agree with the district court in its Order of May 11, 2017, that the amended complaint contains insufficient "alleged facts that would support a cause of action under any of the federal statutes listed" (including 18 U.S.C. § 1961 with respect to which a private cause of action could have existed). Because we agree with the district court that there is no

federal question presented in Moni's amended complaint we do not need to discuss the adequacy of Moni's state law cause of action for IIED. Accordingly, we affirm.

**AFFIRMED.**